## EARBEE v. CRAIG.

1. It is both the province and the duty of the court, to expound to the jury all written instruments of evidence, and to state their legal effect, in reference to other testimony in the cause; and a failure to do so when requested, will be error.

Error to Sumter County Court.

SUIT on a promissory note, commenced by attachment, by the plaintiff in error.

Plea: that Charles Blackman, who had signed the name of the defendant to the note sued on, had no authority for that purpose. The jury found the issue for the defendant, and judgment was rendered accordingly.

From a bill of exceptions taken at the trial, it appears that the plaintiff produced and proved, and read to the jury, a power of attorney from the defendant in error to Blackman, as his authority for signing the note, and moved the court to construe the power of attorney to the jury, which the court refused to do, but on the contrary, charged the jury that the said Charles H. Blackman, as attorney, could not bind his principal by any act, unless it was strictly within the power of attorney, and for the purposes specified in the power under which he acted; and that the said power of attorney was evidence to the jury, from which he construed the power of attorney, and to determine from the language and other evidence in the cause, whether the said Charles H. Blackman was, or was not authorized, to sign the name of the said Burton Craig, to the said promissory note. The court also explained the difference between general and special powers, *and left the jury to construe the power of attorney.* To which instruction of the court, and refusal to instruct, the plaintiff excepted; and now assigns for error.

MURPHY & JONES, for plaintiff in error.

THORNTON, for defendant in error.

ORMOND, J.—The point of law which it appears was intended to be presented on the record for revision in this court, is not as clearly described as is desirable in all cases, to enable this court to pronounce without danger of mistake, whether there is or not, error in the record.

With some difficulty, we gather that there was a controversy in the court below, whether the act done by the agent in this instance, was within the scope of the power conferred on him, by the letter of attorney. From the charge, it is clearly inferable, that there was testimony in the cause besides the power of attorney; and we cannot understand otherwise, than that the court was asked to construe the power of attorney, in reference to this testimony.

It is clearly both the province and the duty of the court, to expound to the jury all written instruments of evidence, and state their legal effect. This, imperfect as the bill of exceptions is, it appears the court refused to do, and left it to the jury to determine " from the language of the power of attorney, and from the other evidence, whether Blackman was, or was not, authorized to sign the name of the defendant, to the note in question."

For this error, the judgment is reversed, and the cause remanded for further proceedings.